### In re KAUFMAN.

(District Court, S. D. New York. April 27, 1918.)

BANKRUPTCY ⊚⟶92—DISMISSAL OF PROCEEDINGS—REINSTATEMENT.

Dismissal of an involuntary petition based on a written consent, apparently of all creditors, pursuant to an agreement for settlement, will not be set aside because the agreement was not made or carried out by bankrupt in good faith.

In Bankruptcy. In the matter of Morris Kaufman, bankrupt. On petition to set aside order of dismissal. Denied.

Henry H. Silver and Harry J. Moskowitz, both of New York City, for petitioner.

Frank & Wolfson, of New York City, for bankrupt.

H. & J. J. Lesser, of New York City, for petitioning creditors, receiver, and trustee.

AUGUSTUS N. HAND, District Judge. This is a petition to set aside an order dismissing a proceeding in bankruptcy on the grounds (1) that the order was not obtained upon the consent of, or on notice to, all of the creditors; (2) that the order was obtained by fraud. A consent was signed in the following form:

"We the undersigned, creditors of the above-named bankrupt, do hereby agree to and with each other, and with the said bankrupt, to receive in full settlement of our respective claims against the said Morris Kaufman, a

sum equal to 50 per cent. of our claims to be paid as follows: * * * This acceptance shall be valid as an acceptance of a like offer of composition in bankruptcy, if made by the said Morris Kaufman, and shall also be valid, if signed on separate sheets. We do hereby also consent to the dismissal of the involuntary petition herein."

It does not seem to be established that the owners of all claims against the bankrupt estate did not consent to the dismissal of the petition, but it is said that several creditors obtained more than 50 per cent. of the amounts due them. This was not a composition in bankruptcy, but a common-law settlement. If the bankrupt broke his promise, and paid certain creditors more than 50 per cent. of their claims, when he had agreed that no creditor should receive more than that amount, or made any fraudulent representations to any creditor as to the percentage others were getting, nevertheless a valid order of dismissal was granted on consent. To establish a doctrine that a bankruptcy proceeding, once dismissed, can be reopened under such circumstances, with the possible attendant result of suits to recover property and set aside preferences, would, I think, be an undesirable result.

The jurisdiction of this court is gone, and the petitioner must seek his remedy in the state court, or in a new bankruptcy proceeding, where the estate will consist of present assets.